UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

KELLEY NORWOOD,

    Plaintiff,

v.

DRS DEFENSE SOLUTIONS, LLC d/b/a
LEONARDO DRS TRAINING & CONTROL SYSTEMS, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, KELLEY NORWOOD ("Ms. Norwood" or "Plaintiff"), brings this action against Defendant, DRS DEFENSE SOLUTIONS, LLC d/b/a LEONARDO DRS TRAINING & CONTROL SYSTEMS, LLC ("DRS" or "Defendant") for gender/sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, at Chapter 760, FLA. STAT. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and Plaintiff's attorneys' fees and costs.

2.

## JURISDICTION

3. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to Title VII.

4. This Court has supplemental jurisdiction over Plaintiff's FCRA.

5. The actions giving rise to this lawsuit occurred in Okaloosa County, Florida.

## VENUE

6. Venue is proper because Defendant conducts substantial business in Okaloosa County, Florida, and Plaintiff worked for Defendant in Okaloosa County, Florida, where the actions at issue took place.

## PARTIES

7. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because:

   a. She is a female employee who suffered gender-based harassment/discrimination and retaliation because of her sex/gender by Defendant;

   b. She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to this protected category; and

   c. Plaintiff also was retaliated against and fired for opposing Defendant's illegal and discriminatory workplace practices.

8. Defendant was at all material times an "employer" as envisioned by the FCRA and Title VII because it employed in excess of fifteen (15) employees.

9. Defendant is foreign profit corporation that operates a facility in, among other places, Okaloosa County, Florida.

## CONDITIONS PRECEDENT

10. Plaintiff, on or about July 2, 2020, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant.

11. More than 180 days have passed since the dual filing of her Charge, and Plaintiff's FCRA claims are ripe.

12. Plaintiff received her Right to Sue letter from the EEOC on April 26, 2021.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Norwood worked for DRS at its facility in Fort Walton Beach, Florida, most recently as a Program Manager, from February 28, 2017, until her termination on June 5, 2020.

16. Ms. Norwood was an outstanding employee during her time with DRS, exceeding all of her goals and all three (3) annual performance reviews.

17. Ms. Norwood's outstanding performance helps explain the fact that she was promoted from Project Manager to Program Manager about eighteen (18) months after being hired by DRS.

18. Nevertheless, throughout her time with DRS, Ms. Norwood was victimized by the ingrained boys' club atmosphere that prevailed within the company, especially at the executive level.

19. Neither Ms. Norwood nor other female Program Managers were afforded bonuses, no matter how many contracts they signed, whereas male Program Managers regularly received bonuses regardless of performance.

20. DRS's Vice President of Finance, Carlos Smith, was kept on by DRS despite multiple complaints over many months by multiple women at DRS for sexual harassment and was only terminated after his offenses had piled up so high that they could no longer be ignored.

21. Ms. Ivin Lett, DRS's Air Combat Program Manager, has been demoted back to Project Manager and then brought back up to Program Manager in the last year or two.

22. All of the male Program Managers outrank Ms. Lett, though each of them has less experience than she.

23. Prior to his recent retirement, Project Engineer Mike Nelson was reported repeatedly for making inappropriate sexual remarks to female colleagues, always claiming to have been "joking."

24. Ms. Norwood was personally subjected to persistent and oppressive shaming and discrimination based on sex.

25. During meetings, male colleagues and supervisors felt free to deride Ms. Norwood as "too aggressive" and to recommend that she be "more compliant," though these individuals never made such critical remarks to males at DRS.

26. DRS leadership repeatedly told Ms. Norwood not to report abuse and discrimination based on sex because, according to them, it would affect Ms. Norwood's career opportunities and future employment.

27. Other DRS supervisors and managers were particularly envious that Ms. Norwood was greatly respected and valued by Cubic, one of the contractors for which DRS provides goods and services.

28. DRS Director of Air Combat Dana Mortensen and DRS Director of Contracts Todd Zielinski repeatedly made snide remarks about Ms. Norwood being a "pushover" for Cubic, questioning aloud "why would they trust a woman and not the men?"

29. When Ms. Norwood underwent panel interviews for her promotion from Project Manager to Program Manager in August of 2018, Mr. Zielinski became

antagonistic and outright hostile.

30. Mr. Zielinski repeatedly voiced his ill-informed and sexist opinion that Ms. Norwood was somehow "not qualified for the position" despite her sterling performance record to that point at DRS.

31. Mr. Zielinski was similarly discriminatory towards Ms. Lett and other female Program Managers, including Nicole Cunningham ("Ms. Cunningham").

32. Ms. Lett and Ms. Cunningham reported to Ms. Norwood that Mr. Zielinski was constantly demeaning and condescending towards them.

33. In January of 2020, Mr. Zielinski theorized aloud, in front of Mr. Mortensen and another DRS Program Manager, Edgar Shen, that the "only reason" that Cubic's Jonas Furukrona and Joel Wilson had called Ms. Norwood to negotiate a P5 Request for Proposal was that Ms. Norwood "is a pushover," further stating, "it makes no sense."

34. Mr. Zielinski's comments were made because of Ms. Norwood's sex/gender.

35. Deeply concerned by this point, Ms. Norwood told Messrs. Mortensen and Shen that she would take her concerns and grievances to Angi Mims in DRS's Human Resources Department and objected to these individuals that DRS's actions and practices violated, *inter alia*, Title VII and the FCRA.

36. Ms. Norwood's objections constituted protected activity under Title VII

and the FCRA.

37. In response to Ms. Norwood's objection, these men told Ms. Norwood not to do anything, stating that it would negatively affect her future opportunities at DRS and make her seem a troublemaker.

38. On June 5, 2020, DRS's discrimination and abuse based on sex achieved its final, retaliatory culmination when Ms. Mims and Mr. Mortensen called Ms. Norwood and informed her that DRS had decided to terminate her employment, effective immediately.

39. Plaintiff's termination of employment was for pretextual and discriminatory reasons based on Plaintiff's gender/sex, and in retaliation for her complaints regarding same.

40. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

41. At all material times hereto, Plaintiff was ready, willing, and able to perform her job duties.

42. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and retaliation suffered by Plaintiff.

**COUNT I**
**GENDER BASED DISCRIMINATION IN VIOLATION OF TITLE VII**

43. Plaintiff realleges and adopts the allegations contained in paragraphs 1,

2, and 4 through 41 of the Complaint, as if fully set forth in this Count.

44. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII.

45. Plaintiff is female.

46. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

47. Plaintiff was subjected to disparate treatment due to her sex/gender.

48. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

49. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER TITLE VII

51. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, and 4 through 41 of the Complaint, as if fully set forth in this Count.

52. The acts of Defendant by and through its agents and employees, willfully violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Title VII.

53. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, unlawful termination, in conjunction with the retaliatory hostile work environment.

54. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. Plaintiff is entitled to recover and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to Title VII.

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for a declaratory judgment that the retaliation against Plaintiff by

Defendant was a violation of Plaintiff's rights under Title VII, that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## GENDER BASED DISCRIMINATION IN VIOLATION OF THE FCRA

57. Plaintiff realleges and adopts the allegations contained in paragraphs 1, and 3 through 41 of the Complaint, as if fully set forth in this Count.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender-based discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

59. Plaintiff is female.

60. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

61. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff nor good faith basis for terminating Plaintiff based on her gender.

62. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages,; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to

760.11(5), Fla. Stat., and provide any additional relief that this Court deems just.

## COUNT IV
## RETALIATION UNDER THE FCRA

66. Plaintiff realleges and adopts the allegations contained in paragraphs 1, and 3 through 41 of the Complaint, as if fully set forth in this Count.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

68. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, unlawful termination, in conjunction with the retaliatory hostile work environment.

69. The illegal conduct of Defendant, its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 1st day of July, 2021.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*